WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy B. Oraha, a single man, | No. CV 11-1113-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Metrocities Mortgage, LLC, a California limited liability company; U.S. Bank National Association, as Successor Trustee to Bank of America, National Association (successor by merger to LaSalle Bank National Association) as Trustee for Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Electronic System ("MERS"), a corporation, America's Servicing Company, a corporation; Wells Fargo Home Improvement, a corporation; Wells Fargo Home Mortgage, a corporation; Black Corporation I-X, John Doe I-X and Jane Does I-X, their spouses, | |
| Defendants. | |

Pending before the Court are: the Motion to Dismiss of Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Trustee for the Morgan Stanley Loan Trust 2007-1XS (Doc. 9), Mortgage Electronic System's ("MERS") Joinder in that Motion to Dismiss (Doc. 14), Prospect Mortgage's Motion to Dismiss (Doc. 16), Plaintiff's Motion to Amend/Correct Notice of Removal (Doc. 23), and Prospect Mortgage's Motion for Summary Disposition (Doc. 27). The Court now rules on the Motions.

## I.     BACKGROUND

On September 27, 2006, Plaintiff obtained a loan for $496,000.00 from Metrocities Mortgage, LLC, currently known as Prospect Mortgage, LLC ("Prospect"). (Doc. 1 at Exhibit A). The loan was secured by a Deed of Trust on the real property located at 20739 North 56th Avenue, Glendale, Arizona 85308 (the "Property"). (*Id.* at Exhibit B). The Deed of Trust was executed by Plaintiff, as borrower, in favor of Fidelity National Loan Portfolio Solutions, as trustee for Prospect. (*Id.*). In the Deed of Trust, MERS, as nominee for Prospect, was named as beneficiary. (*Id.*).

Although no party has provided a Notice of Substitution of Trustee to the Court, it appears from the Exhibits before the Court that, at some point, Michael A. Bosco, Jr. ("Bosco") was appointed as the successor trustee under the Deed of Trust. On October 3, 2008, Bosco recorded a Notice of Trustee's Sale. (*Id.* at Exhibit E). The trustee's sale of the Property was originally scheduled for January 2, 2009 (*Id.*).

It appears from Exhibits G, H, and J attached to Plaintiff's Complaint, which are letters from America's Servicing Company to Plaintiff, that the Trustee's sale did not go forward on January 2nd and Plaintiff attempted to obtain a modification on his loan. (*Id.* at Exhibits G, H, and J). At some point, negotiations for the modification broke down and Plaintiff defaulted on his loan. (*Id.* at ¶ 27). Thereafter, MERS assigned the Deed of Trust to U.S. Bank National Association, as Successor Trustee to Bank of America, National Association (successor by merger to LaSalle Bank National Association) as Trustee for Morgan Stanley Mortgage Loan Trust 2007-1XS ("U.S. Bank") (*Id.* at Exhibit F). The Assignment of the Deed of Trust was recorded on January 24, 2011. (*Id.*).

On March 30, 2011, Plaintiff filed a Complaint in Maricopa County Superior Court. (*Id.*). The Complaint sets forth four counts: declaratory judgment/injunction (Count I), Breach of Contract/Injunction (Count II), Breach of Contract/Violation of Covenant of Good Faith and Fair Dealing (Count III), and Wrongful Foreclosure/Forfeiture (Count IV).

On June 2, 2011, Defendants removed the state court action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*Id*). The Court subsequently

1 denied Plaintiff's motion to remand.  (Doc. 20).

2 Defendants have moved to dismiss the Amended Complaint for failure to state a claim
3 upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil
4 Procedure.

5 **II.     LEGAL STANDARD**

6 To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet
7 the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim
8 showing that the pleader is entitled to relief," so that the defendant has "fair notice of what
9 the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
10 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

11 Although a complaint attacked for failure to state a claim does not need detailed
12 factual allegations, the pleader's obligation to provide the grounds for relief requires "more
13 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
14 will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual
15 allegations of the complaint must be sufficient to raise a right to relief above a speculative
16 level.  *Id.*

17 Rule 8's pleading standard demands more than "an unadorned, the-defendant-
18 unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937,
19 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than
20 blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain
21 sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible
22 on its face."  *Iqbal*, 129 S. Ct. at 1949.  Facial plausibility exists if the pleader pleads factual
23 content that allows the court to draw the reasonable inference that the defendant is liable for
24 the misconduct alleged.  *Id.*  Plausibility does not equal "probability," but plausibility
25 requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a
26 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short
27 of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting
28 *Twombly*, 550 U.S. at 557).  Because Plaintiff is proceeding pro se, the Court must construe

his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### III. ANALYSIS

Plaintiff's complaint fails to meet the requirements of Rule 8. Throughout the Complaint, Plaintiff refers to all of the Defendants in general and vague terms. He alleges that all Defendants are jointly and severally liable, but he fails to identify the Defendants individually when relating facts that can only concern one Defendant. Further, in relation to the breach of contract claims, he refers to several contracts that "Defendants" have breached, but fails to specifically identify the contracts, the individual parties to the contracts, the precise manner of the breach, or which Defendant specifically breached the contract. Instead, he relies on general statements of improper behavior as a basis for liability for all Defendants.

Throughout the Complaint, it is difficult to determine which facts relate to which Defendants, which contracts are being referred to, and which Defendants allegedly acted improperly. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Accordingly, Plaintiff has failed to meet the requirements of Rule 8. However, because Plaintiff is proceeding *pro se*, the Court will evaluate the substance of his claims despite his failure to meet the requirements of Rule 8.

#### 1. Declaratory Judgment/Injunctive Relief (Count I)

In Count One of the Complaint, Plaintiff attempts to state a claim for injunctive and

declaratory relief. However, injunctive and declaratory relief are remedies for underlying causes of action, and are not independent causes of action. Plaintiff must base his request for injunctive and declaratory relief on a cognizable legal theory.[1] For the reasons discussed below, Plaintiff has failed to sufficiently plead any underlying cause of action that would entitle him to either of these equitable remedies.

### 2. Breach of Contract/Injunction (Count II)

Although couched as breach of contract claims, Plaintiff essentially argues that he is entitled to bring a private cause of action for Defendants alleged failure to comply with the Troubled Asset Relief Program ("TARP") and the Home Affordable Modification Program ("HAMP"). Plaintiff alleges that "one or more defendants either accepted TARP monies, or otherwise contracted with the federal government as a mortgage lender or services to accept said TARP monies, which acceptance obliged it to afford mortgage borrowers such as plaintiff the right to apply for mortgage modification and aid under TARP and HAMP." Plaintiff further alleges that Defendants breached a contract through "commencement and maintenance of a trustee's sale while an application for mortgage modification under HAMP is ongoing." (*Id.* at 54).

"[N]either TARP nor HAMP provides a private right of action against financial institutions for refusal to modify a loan." *Chanen v. Bank of America N.A.*, No. CV 11-01313-PHX-NVW, 2011 WL 5593037, at *5 (D. Ariz. Nov. 17, 2011) ("the Home Affordable Modification Program does not create any legal rights for borrowers.") (citing

---

[1] The Eleventh Circuit explained:

> [A]ny motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim).

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

1 *Puzz v. Chase Home Fin. LLC,* 763 F.Supp.2d 1116, 1122 (D. Ariz.2011); *Robinson v. Wells*
2 *Fargo Bank, N.A.*, No. CV09-2066, 2010 WL 2534192, at *6-7 (D. Ariz. June 18, 2010)
3 (carefully analyzing whether Congress intended to create a private cause of action under
4 TARP and concluding that "TARP does not create, either explicitly or implicitly, a private
5 right of action against TARP fund recipients."). Accordingly, Plaintiff's allegations based
6 on breach of contract for Defendants' alleged violations of TARP and HAMP fail to state a
7 claim upon which relief can be granted.

8 Plaintiff also alleges that Exhibits G and H, letters from America's Servicing
9 Company ("ASC") to Plaintiff, that contain a requests for additional documentation to
10 complete the "Home Affordable Modification," constitute contracts between "the parties"
11 and that Defendants have breached those contracts by failing to proceed with the loan
12 modification. Defendants argue that the letters are not contracts because they do not contain
13 an offer, acceptance, consideration, or sufficient terms to constitute contracts. The Court
14 agrees.

15 These letters, while indicating that Plaintiff was approved for a loan modification,
16 expressly state that Plaintiff must take additional steps to complete the loan modification.
17 For instance, Exhibit G expressly states that Plaintiff was, at that time, in the trial period of
18 the program and had to take additional steps to complete the modification process.
19 Accordingly, these letters do not constitute a contract between the parties and, thus, Plaintiff
20 has failed to state a claim upon which relief can be granted for breach of contract based on
21 the letters attached to the Complaint.

22 Plaintiff alleges that he provided all necessary documentation to Defendants and their
23 claims that additional information was needed were false. This claim is not supported by a
24 breach of contract theory, any of Plaintiff's other allegations, or the Exhibits to his Complaint
25 and, thus, the Court finds that Plaintiff has failed to raise any right to relief he may have
26 based upon Defendants' misrepresentations regarding loan modification documentation
27 above the speculative level.

28 Finally, Plaintiff alleges a breach of contract claim based on a "breach" of the Deed

- 6 -

of the Trust.  Plaintiff alleges that the Deed of Trust "fails to comply with state law to constitute a nonjudicially foreclosable encumbrance" because it names MERS, despite the fact that MERS did not advance any monies toward the loan. (*Id.* at ¶ 24).  Plaintiff further alleges that the recordation of the notice of trustee's sale was wrongful and not in accord with the Arizona Deed of Trust Act, since the "noticer of the sale" did not own the security interest when the sale was noticed. (*Id.* at ¶ 30).  First, it is unclear to the Court how these allegations present a breach of contract claim.  Even if the Court were to somehow convert these allegations into cognizable claims for relief, these allegations still fail to state a claim upon which relief can be granted.

First, Plaintiff fails to state a claim upon which relief can be granted based on MERS being named as beneficiary in the Deed of Trust.  Plaintiff specifically agreed to and was on notice that MERS held legal title to the secured interests in the Property, as MERS is named as the beneficiary on the Deed of Trust on the Property, which Plaintiff signed. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.").

Further, the Arizona statutes governing the sale of foreclosed property through trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note.  Accordingly, the courts within the District of Arizona have routinely rejected the "show me the note" theory and related arguments. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009); *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009).  Given that Plaintiff has offered no valid contrary authority[2] and has expressly consented to a non-

---

[2] Plaintiff relies on the Bankruptcy Appellate Panel's decision in *In re Veal*, 450 B.R. 897 (2011) for the proposition that Defendants must "prove standing" by showing that they have possession of the note before a Trustee's Sale may commence.  Plaintiff's reliance on *Veal* is misplaced as the conclusions in *Veal* are not applicable to this case. The *Veal* Court, in determining whether entities had standing to obtain relief from a bankruptcy stay to conduct a foreclosure, assumed that the Uniform Commercial Code ("UCC") applied to the

1  judicial foreclosure in the Deed of Trust, the Court finds that Plaintiff has failed to state a
2  claim upon which relief can be granted on the "show me the note" theory.

### 3.     Breach of Covenant of Good Faith and Fair Dealing (Count III)

While the law implies a covenant of good faith and fair dealing in every contract, because Plaintiff has failed to allege the existence of any contract, his allegations regarding breach of the covenant of good faith and fair dealing necessarily fail. *Hunter v. CitiMortgage, Inc.*, No. CV 11-01549-PHX-FJM, 2011 WL 4625973, at *3 (D. Ariz. Oct. 5, 2011) ("If no contract is alleged, however, no implied covenant of good faith and fair dealing exists.").

### 4.     Fair Credit Reporting Act

Plaintiff alleges that, in a telephone conversation with "defendants," Plaintiff was advised that his mortgage was being reported twice on his credit report and he would not receive a loan modification because he had two mortgages. (*Id.* at ¶¶ 40, 41). Defendants

---

Note on the *Veal* property. 450 B.R. at 908-909. In this case, the Trustee's Sale is not governed by the UCC through the Note, but is a sale pursuant to the Deed of Trust. "Trustee sales under a Deed of Trust are conducted on a contract theory under the power of sale authority of the trustee. The procedures for non-judicial foreclosures in Arizona are not codified in the UCC, therefore, but in A.R.S. §§ 33–807 (2007). These Deed of Trust statutes set forth the only procedure for a valid trustee's sale." *Garrison v. PHH Mortgage Corp.*, No. CV-11-918-PHX-GMS, 2011 WL 6328712, at *4 (D. Ariz. Dec. 19, 2011) (internal quotations and citations omitted). Accordingly, the decision in *Veal* does not affect whether Plaintiff has stated a valid claim for relief. *See id.* at *3-4 (distinguishing the decision in *Veal* from cases alleging a defect in a Trustee's Sale conducted pursuant to the Deed of Trust; *Bridgeman v. CitiMortgage, Inc.*, No. CV11-1106-PHX DGC, 2011 WL 3880829, at *2 (D. Ariz. Sept. 2, 2011) (same). Because Plaintiff does not allege a violation of the statutes governing a sale under a Deed of Trust, but relies solely on the "show me the note" theory, Plaintiff has failed to state a claim upon which relief can be granted. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose. The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation.").

argue that this allegation is deficient to state a claim under the Fair Credit Reporting Act because Plaintiff has failed to identify which Defendants are alleged to have reported his default, how the reporting appeared to be with respect to two different loans, or how he was damaged by it.  In response, Plaintiff argues that the "reportage as to plaintiff's delinquency on his note and mortgage has been made by a lender other than one holding the note" and he should be able to engage in discovery to determine who such reportage was made to.  The Court agrees with Defendants that these allegations are too vague to raise the right to relief above the speculative level.  Allowing Plaintiff to engage in discovery to raise this claim above the speculative level would be an inappropriate use of the discovery process and would ignore the guidance of *Twombly* and *Iqbal*.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted for violations of the Fair Credit Reporting Act.

### 5. Wrongful Foreclosure/Forfeiture (Count IV)

Plaintiff alleges that the foreclosure and forfeiture of his Property was and is wrongful based on the allegations contained throughout his Complaint. (*Id.* at ¶ 66).  Because Plaintiff has failed to state a claim upon which relief can be granted, he has failed to establish any basis for a wrongful foreclosure claim.  Further, a Plaintiff can only state a claim for wrongful disclosure by alleging that he was "not in default when the power of sale was exercised or that [he was] able to tender the debt owed on the mortgage." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. 09-2219-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011).  Plaintiff has not made any such allegations and, thus, has failed to state a claim upon which relief can be granted for wrongful foreclosure.[3]

### IV. LEAVE TO AMEND

In this case, Plaintiff has not amended the Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost the right to amend

---

[3] The Court also notes that the Trustee's Sale has not occurred and Plaintiff is still in possession of the Property.  A claim for wrongful foreclosure is not ripe until a foreclosure has actually taken place.

- 9 -

the Complaint once as a matter of course. FED.R.CIV.P. 15(a)(1). Defendants have requested that the Court grant their Motions to Dismiss with prejudice. However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff will be given a reasonable opportunity, if he so chooses, to amend the Complaint to cure the deficiencies identified in this Order, and to make clear his allegations in short plain statements in the manner required by Rule 8 of the Federal Rules of Civil Procedure. If Plaintiff chooses to file an amended complaint, Plaintiff is cautioned not to simply re-allege the failed claims discussed herein. Further, as discussed above, Plaintiff must identify which Defendant is responsible for which wrongs to adequately put the individual Defendants on notice of the claims against them.

## V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that: the Motion to Dismiss of Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Trustee for the Morgan Stanley Loan Trust 2007-1XS (Doc. 9) and Mortgage Electronic System's ("MERS") Joinder in that Motion to Dismiss (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that Prospect Mortgage's Motion to Dismiss (Doc. 16) is granted.

**IT IS FURTHER ORDERED** that Prospect Mortgage's Motion for Summary Disposition (Doc. 27) is denied as moot.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Amend/Renewed Motion for Extension of Time (Doc. 23) is granted in part and denied in part as follows:

Plaintiff's Motion for Extension of Time to Respond to the Motions to Dismiss is

denied as moot.[4]

Plaintiff may file an amended complaint no later than 21 days from the date of this Order. If Plaintiff does not file an amended complaint within 21 days, then the Clerk of the Court shall, without further Court order, dismiss this case with prejudice.

DATED this 10th day of January, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge

---

[4] On September 7, 2011, this Court ordered an extension of time for Plaintiff to file his Responses to the Motions to Dismiss and gave Plaintiff until September 21, 2011 to file same. (Doc. 20). Plaintiff filed his Response on September 14, 2011.