WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy B. Oraha, a single man,<br><br>               Plaintiff,<br><br>v.<br><br>Metrocities Mortgage, LLC, a California limited liability company; U.S. Bank National Association, as Successor Trustee to Bank of America, National Association (successor by merger to LaSalle Bank National Association) as Trustee for Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Electronic System ("MERS"), a corporation, America's Servicing Company, a corporation; Wells Fargo Home Improvement, a corporation; Wells Fargo Home Mortgage, a corporation; Black Corporation I-X, John Doe I-X and Jane Does I-X, their spouses,<br><br>               Defendants. | No. CV-11-01113-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Wells Fargo Bank, N.A., U.S. Bank National Association, and Mortgage Electronic Systems, Inc.'s (the "Moving Defendants") Motion for Award of Attorneys' Fees (Doc. 46). Pro se Plaintiff did not file a response to the Motion.

      On March 30, 2011, Plaintiff pro se filed a complaint in Maricopa County Superior Court against Defendants alleging claims for declaratory judgment/injunction

(Count I), Breach of Contract/Injunction (Count II), Breach of Contract/Violation of Covenant of Good Faith and Fair Dealing (Count III), and Wrongful Foreclosure/Forfeiture (Count IV). (Doc. 1-1 at 13-26). On January 10, 2012, the Court granted Defendants' Motions to Dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28). The Court also granted Plaintiff leave to amend his Complaint. (Doc. 28). On March 5, 2012, Plaintiff filed an Amended Complaint (Doc. 33). In his Amended Complaint, Plaintiff asserted a breach of contract claim against all Defendants and a wrongful foreclosure claim against Defendant LaSalle. (*Id.*).

On October 2, 2012, the Court granted Defendants' Motions to Dismiss Plaintiff's Amended Complaint and directed the Clerk of the Court to enter judgment for Defendants. (Doc. 44).

The Moving Defendants now move for attorneys' fees in the amount of $26,405.90 pursuant to Arizona Revised Statutes section 12-341.01(A). As previously noted, Plaintiff did not file a response to the Motion for Attorneys' Fees.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12–341.01(A). The trial court has discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). To determine whether to award attorneys' fees, courts consider the merits of the unsuccessful party's claim, whether the successful party's efforts were completely superfluous in achieving the ultimate result, whether assessing fees against the unsuccessful party would cause extreme hardship, whether the successful party prevailed with respect to all relief sought, whether the legal question presented was novel or had been previously adjudicated, and whether a fee award would discourage other parties with tenable claims from litigating. *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). No single factor can be determinative and the court is to weigh all of the factors in exercising its discretion. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

Plaintiff's failure to respond has made the Court's task of balancing these factors a difficult one. *See* LRCiv 7.2(i) (stating that if the required answering memoranda are not served and filed, such noncompliance may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily.). Nonetheless, the Court will consider each of the necessary factors to determine if Moving Defendants are entitled to an award of attorneys' fees.

In this case, Plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 12(b)(6) and asserted causes of actions that had previously been rejected by this Court. Accordingly, the first factor favors granting the Motion for Attorneys' Fees. The Moving Defendants filed two Motions to Dismiss and both Motions to Dismiss were granted by this Court. Accordingly, Defendants' actions were not completely superfluous in achieving the ultimate result and the second factor favors granting the Motion for Attorneys' Fees. With regard to the third factor, Plaintiff has presented no evidence that assessing fees would cause extreme hardship, and thus, this factor favors granting the Motion for Attorneys' Fees. With regard to the fourth factor, Defendants did prevail on all relief sought and this factor favors granting attorneys' fees. With regard to the fifth factor, as noted above, Plaintiff's legal theories were not novel and had been previously rejected by this Court. Accordingly, the fifth factor favors granting attorneys' fees.

With regard to the sixth factor, Plaintiff's claims have been previously rejected by this Court. Accordingly, granting attorneys' fees in this case would not discourage other parties with tenable claims from litigation.

Assuming a party establishes its eligibility for fees, "the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). As noted above, Plaintiff has not challenged the reasonableness of the fees requested.

Based on the foregoing, the Court will award Defendants attorneys' fees in the

1  amount of $26,405.90.

2  Accordingly,

3  **IT IS ORDERED** that Wells Fargo Bank, N.A., U.S. Bank National Association,
4  and Mortgage Electronic Systems, Inc.'s Motion for Award of Attorneys' Fees (Doc. 46)
5  is granted in the amount of $26,405.90.

6  Dated this 29th day of July, 2013.

James A. Teilborg
Senior United States District Judge